UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| SICXELA ALEXANDRA, GONZALEZ BARRETO<br><br>Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY ATTORNEY GENERAL OF THE UNITED STATES, PAM BONDI, U.S. CITIZENSHIP & IMMIGRATION SERVICES DIRECTOR, KIKA SCOTT, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, KRISTI NOEM, USCIS ORLANDO FIELD OFFICE DIRECTOR, MICHAEL J McCLEARY<br><br>Defendants. | Civil Action<br><br>No. MSC2491048221 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE APA

### I. JURISDICTION

1. This is a civil action brought under 5 U.S.C. §706 of the APA. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question subject matter jurisdiction). This Court also has authority to grant declaratory relief under 28 U.S.C. §§ 2201-02, and injunctive relief under 5 U.S.C. § 702. The United States waives sovereign immunity under 5 U.S.C. § 702.

### II. STATEMENT OF THE CASE

2. Plaintiff, Sicxela Gonzalez (hereinafter "Plaintiff") brings this action challenging the Defendants' denial of her I-485, Application to Adjust Status as the decision was arbitrary, capricious and not in accordance with law. *See* 5 U.S.C. §§ 706(1), 706(2)(A).

1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

3. Defendants wrongfully denied Plaintiff's I-485 stating that she was not eligible to adjust under sections 245k of the Immigration and Nationality Act (INA) when in fact, she is eligible. (*See* **Exhibit A:** USCIS Decision Letter Dated April 2, 2025). The decision had mistakes of both law and facts.

4. On its Decision Letter, USCIS alleged the following legal reasons for which the Plaintiff's adjustment could not be approved:

    a. USCIS wrongly alleges that Plaintiff is barred from adjusting under 8 U.S.C. § 1255(c), for not maintaining continuously a lawful status. This is incorrect as Plaintiff did have status at the time of filing for adjustment. She was and continues to be on Temporary Protected Status (TPS). (*See* **Exhibit A**: USCIS Decision Letter, page 2).

    b. USCIS also incorrectly cites 8 U.S.C. § 1255(c)(2) and 8 U.S.C. § 1255(c)(7) as reasons for the denial even though Plaintiff was in valid immigration status at the time the adjustment application was filed. (*See* **Exhibit A**: USCIS Decision Letter, page 2).

    c. USCIS also incorrectly cites to 8 CFR § 245.1(b)(6), which restricts aliens applying for adjustment of status, if they failed to "maintain continuously a legal status since entry into the United States." USCIS also incorrectly cites 8 C.F.R. § 245.1(b)(9), which restricts "[a]ny alien who seeks adjustment of status pursuant to an employment-based immigrant visa petition under section 203(b) of the Act and who is not maintaining a lawful nonimmigrant status at the time he or she files an application for adjustment of status." This finding is incorrect as USCIS disregarded the date of the Plaintiff's last entry on advanced parole, FORM I–512

2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

of the Plaintiff on July 26, 2024. (**Exhibit D:** Copy of I-512L Authorization for Parole of an Alien into the United States).

d. USCIS also incorrectly stated that the Plaintiff is ineligible for adjustment of status under 8 U.S.C. § 1255(k) which permits the adjustment of certain lawfully admitted Employment-Based applicants despite limited violations under 8 U.S.C. § 1255(c)(2), (7) or (8). To be eligible under 8 U.S.C. § 1255(k), "(1) the alien on the date of filing an application for adjustment of status, is present in the United States pursuant to a lawful admission; (2) the alien, subsequent to such lawful admission has not, for an aggregate period exceeding 180 days– (A) failed to maintain, continuously, a lawful status; (B) engaged in unauthorized employment; or (C) otherwise violated the terms and conditions of the alien's admission." *USCIS states, "For INA § 245(k) adjustment purposes, lapses or violations of lawful status are counted from the time of the applicant's last admission until filing for adjustment of status."* (*See* **Exhibit A**: USCIS Decision Letter Dated April 2, 2025, page 3 ).

5. USCIS' denial of the I-485 was legally wrong, arbitrary and capricious because:

    a. Her adjustment can be approved under 8 U.S.C. § 1255(a) as she traveled abroad and re-entered the United States with a valid TPS advanced parole document (I-512T); and

    b. Her adjustment can be approved under 8 U.S.C. § 1255(k) as she did not violate status or work without authorization after her last entry with her TPS advanced parole document on July 26, 2024.

3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

6. USCIS's improper denial of Plaintiff's I-485 Application has caused Plaintiff irreparable harm.

### III. PARTIES

7. Plaintiff Sicxela Alexandra Gonzalez Barreto, is the Principal Beneficiary of an I-485 Application to Register Permanent Residence or Adjust Status based on an Approved I-140, Immigrant Petition for Alien Worker.

8. Defendant, Pam Bondi, is the Attorney General of the United States, whose office address is U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC, 20530.

9. Defendant Kristi Noem, is the Secretary of the Department of Homeland Security, whose office address is MS 0525 Department of Homeland Security, 2707 Martin Luther King Jr Ave SE Washington, DC 20528.

10. Defendant Kika Scott, is the Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services whose office address is U.S. Citizenship and Immigration Services Defendant, Ur Mendoza Jaddou, is the Director of USCIS, whose office address is U.S. Citizenship and Immigration Services 5900 Capital Gateway Drive Camp Springs, Maryland 20588.

11. Defendant Michael McCleary is the Field Office Director of USCIS Orlando, whose office address is U.S. Citizenship and Immigration Services, 6680 Corporate Centre Blvd. Orlando Fl, 32822. In this position, he is responsible for overseeing the adjudication of immigration benefits and establishing immigration policies. The USCIS Director is ultimately responsible for the adjudication of Plaintiff's application. Defendant Michael McCleary is sued only in his official capacity.

4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

12. Each Defendant is sued in his or her official capacity. Defendants, Pam Bondi, Kristi Noem, and Michael McCleary, are responsible for the denial of Plaintiff's I-485 petition.

13. Defendant USCIS is a component of the Department of Homeland Security, 6 U.S.C. § 271, and an agency within the meaning of the Administrative Procedure Act (APA), 5 U.S.C. § 551(1). USCIS is responsible for adjudicating immigration benefits, including I-485 petitions. USCIS denied Plaintiff's I-485 petition.

## IV. VENUE

14. Pursuant to 28 U.S.C. § 1391(e)(1)(C), venue is proper in the Middle District of Florida. The Plaintiff seeks the reopening and approval of Form I-485, Application to Register Permanent Residence or Adjust Status. Plaintiff resides at 2858 Cornerstone Court, Apopka FL 32703..

## V. LEGAL BACKGROUND

15. On its July 1st, 2022 Memorandum titled "Temporary Protected Status and Eligibility for Adjustment of Status under Section 245(a) of the Immigration and Nationality Act", USCIS states in the relevant part:

> TPS beneficiaries whom DHS has inspected and admitted into TPS under MTINA [(Miscellaneous and Technical Immigration and Nationality Amendments of 1991)], subsequent to that inspection and admission, will have been 'inspected and admitted' and are 'present in the United States pursuant to a lawful admission,' including for purposes of adjustment of status under INA 245. This is true even if the TPS beneficiary was present without admission or parole when initially granted TPS.

If the entry occurred on or after July 1, 2022, USCIS will treat the entry as admission for the purpose of meeting 8 U.S.C. § 1255(a)'s inspected and admitted or paroled

5

requirements. (*See* **Exhibit B**: USCIS Policy Memorandum, Rescission of Matter of Z-R-Z-C- as an Adopted Decisions, dated July 1, 2022.)

16. In the pertinent parts, 8 C.F.R. 245.1(b) restricts aliens from applying for adjustment of status to a lawful permanent resident alien in cases where the alien "is not in lawful immigration status on the date of filing his or her application for adjustment of status" and has failed "to maintain continuously a lawful status **since entry** into the United States." *See* 8 C.F.R. 245.1 (b)(5)-(6).

17. Under 8 U.S.C. § 1255(k):

> An alien who is eligible to receive an immigrant visa under paragraph (1), (2), (3), or (5) of section 1153(b) of this title (or, in the case of an alien who is an immigrant described in section 1101(a)(27)(C) of this title, under section 1153(b)(4) of this title) may adjust status pursuant to subsection (a) and notwithstanding subsection (c)(2), (c)(7), and (c)(8), if-
> (1) the alien, **on the date of filing an application for adjustment of status**, is present in the United States **pursuant to a lawful admission**;
> (2) the alien, **subsequent to such lawful admission** has not, for an aggregate period exceeding 180 days-
>    (A) failed to maintain, continuously, a lawful status;
>    (B) engaged in unauthorized employment; or
>    (C) otherwise violated the terms and conditions of the alien's admission.

USCIS Policy Manual also states, "INA 245(k) provides certain employment-based adjustment applicants with an exemption from the INA 245(c)(2), INA 245(c)(7), and INA 245(c)(8) adjustment bars." *See* 7 *USCIS Policy Manual* Ch. 8 Inapplicability of Bars to Adjustment, https://www.uscis.gov/policy-manual/volume-7-part-b-chapter-8 (November 26, 2024).

6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

## VI.  FACTUAL ALLEGATIONS

18. On March 25, 2016, Plaintiff entered the United States with B-2 Status and then filed an application to change to F-1 status which was approved on December 1, 2016. Then, Plaintiff submitted her application for asylum on January 9, 2017.

19. On January 2, 2024 USCIS granted Plaintiff TPS status, valid from September 10, 2022 to September 10, 2025. (*See* **Exhibit C:** Copy of I-797A Notice of TPS Approval dated January 2, 2024).

20. On January 8, 2021, USCIS received Form I-140, Immigrant Petition for Alien Worker from the Plaintiff's Employer, which was approved on October 19, 2021. (*See* **Exhibit F**: Copy of Approval Notice for I-140).

21. Plaintiff filed Form I-131, Application for Travel Documents, Parole Documents, and Arrival/Departure Records, based on her TPS status. An advanced parole is a document authorizing foreign travel. On July 16, 2024, USCIS approved Plaintiff's advance parole application, receipt number: IOE0921677928 . (*See* **Exhibit D:** Copy of I-512L Authorization for Parole of an Alien into the United States issued July 16, 2024).

22. Plaintiff then traveled abroad and was admitted on Advance Parole on July 26, 2024, with TPS status at the Orlando International Airport. (*See* **Exhibit D:** Copy of I-512L Authorization for Parole of an Alien into the United States issued July 16, 2024; *see also* **Exhibit E:** Copy of Passport Entry Stamp under TPS into U.S. dated July 26, 2024).

7

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

23. On August 25, 2024, Plaintiff timely and properly filed Form I-485, Application to Register Permanent Residence or Adjust Status based on the Approved I-140.

24. Along with her I-485 filing, the Plaintiff filed a copy of their stamped parole document and a copy of the page of her passport showing her passport stamp as evidence of lawful entry as allowed by USCIS. USCIS Policy Manual, Volume 7 - Adjustment of Status, Part A: Adjustment of Status, Policies and Procedures, states:

> In most cases, an adjustment applicant is required to provide evidence of inspection and admission or parole. Typical documents that prove inspection and admission or parole include:
> 
> - Copy of the entry or parole stamps in the applicant's passport issued by U.S. Customs and Border Protection (CBP).

25. On February 19th, 2025, USCIS issued a denial notice for Plaintiff's I-485 application, claiming he had failed to establish his eligibility for application approval, <u>relying on 8 U.S.C. § 1255(c), stating:</u>

*"[Y]ou failed to provide evidence that you were in lawful status from the time you withdrew from your course of study up to the time your TPS Application was approved on October 12th, 2023."* (*See* **Exhibit A**: Copy of USCIS denial Notice).

26. On April 1, 2025, the Plaintiff was interviewed at the USCIS Office in Orlando on April 1, 2025. The attorney who represented her at the interview, Mario Cisneros, did explain to the interviewing officer how she qualified for adjustment. He had also previously filed a brief with the initial filing for adjustment. But it seems that USCIS is unaware of

8

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

the law and is just blatantly disregarding it. (**Exhibit G:** Copy of Plaintiff's Brief dated August 25, 2024.).

27. The USCIS denial notice issued failed to mention the cover letter provided with the Form I-485 which also included a legal brief explaining how the Plaintiff in fact qualified to adjust status to permanent resident pursuant to 8 U.S.C. § 1255(k). (*See* **Exhibit G:** Copy of Plaintiff's Brief dated August 25, 2024.).

28. On April 2, 2025, USCIS issued their decision unlawfully denying Plaintiff's I-485, claiming that the granting of TPS does not excuse or cure any other lapses or violations of lawful immigrant status even though the Plaintiff is currently in a lawful immigration status during the TPS period. (*See* **Exhibit A:** USCIS Decision Letter.)

29. USCIS blatantly ignored the law and USCIS memorandum regarding this issue even though a brief summarizing the law was provided in response with the initial filing.

30. The denial of the I-485 petition was arbitrary, capricious, and outside of the law as USCIS ignored USCIS Policy Memorandum dated July 1, 2022 and case law that establishes that a person who travels in TPS advance parole can adjust upon entry for purposes of 8 U.S.C. § 1255(a) eligibility. Plaintiff traveled and was admitted after July 1, 2022 under TPS, which allows her to adjust as she was "'inspected and admitted" and "present in the United States pursuant to a lawful admission."

9

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

31. USCIS also erroneously relies on Plaintiff's previous date of entry on March 25, 2016, in their determination of whether Plaintiff has maintained continuously a lawful status under 8 C.F.R. 245.1 (b) when Plaintiff's last date of entry, which is the date relevant for her adjustment of status, was **July 26, 2024**. Plaintiff has, since her date of entry on July 26, 2024, continuously maintained lawful status as she had TPS on the date she filed for adjustment, and her TPS is valid until September 10, 2025.  (*See* **Exhibit E:** Copy of Passport Entry Stamp under TPS into U.S. dated July 26, 2024.)

32. Additionally, by calculating the 180 day aggregate period under 8 U.S.C. § 1255(k) using March 25, 2016, instead of the correct date of lawful admission for Plaintiff's adjustment application, July 26, 2024, USCIS erroneously determined that Plaintiff was ineligible to adjust under Section 245(k) of the Immigration and Nationality ACT (hereafter the "INA").

33. The APA provides for judicial review of final agency action. 5 U.S.C. 702. It states that a person "suffering [a] legal wrong because of agency action," or "adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review." Id. The reviewing court must "hold unlawful and set aside agency action, findings, and conclusions" that violate any one of six factors. 5 U.S.C. § 706.

34.  5 U.S.C. § 706(2)(A)-(F); see also *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 413-14 (1971) (citing 5 U.S.C. § 706(2)(A)-(F)):

10

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

In all cases, agency action must be set aside if the action was:
a. arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
b. contrary to constitutional right, power, privilege, or immunity;
c. in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
d. without observance of procedure required by law;
e. unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
f. unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

38. In this case, the Defendants' decision was arbitrary, capricious, or otherwise not in accordance with the law.

## VII. FINAL AGENCY ACTION AND EXHAUSTION OF REMEDIES

39. Administrative appeal of USCIS' denial of a filing is precluded by 8 C.F.R. § 103.2(a)(7)(iii). USCIS' denial of the filing of Plaintiff's I-485 application is the final agency action under the APA. *See* 5 U.S.C. §§ 551(13); 701(b)(2); 704. Thus, Plaintiff has no administrative remedies to exhaust.

## VIII. PRAYER FOR RELIEF

Plaintiff respectfully request that this Court:

1. Issue a declaration that USCIS's denial of Plaintiff's Form I-485 is arbitrary, capricious, and not in accordance with the law;

2. Enter an order compelling Defendants to reopen and approve Plaintiff's improperly denied I-485 Application;

11

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

3. Award Plaintiff their reasonable attorneys' fees and costs under the Equal Access to Justice Act 28 U.S.C. § 2412, 5 U.S.C. § 504, or any other applicable law; and

4. Award any other such relief as the Court deems just, equitable, and proper.

Respectfully submitted this  day of April 18, 2025.

/s/Patricia Castillo Flanagan

Patricia Castillo Flanagan, Esq.
Work Visa Lawyers, P.A.
FL Bar No. 71613
261 N University Dr
Suite 500
Plantation, FL 33324
(754) 888-0116
patricia@workvisalawyers.com
Attorney for Plaintiff

12